UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL STEVE COX,<br><br>                Plaintiff,<br>    v.<br>NDOC STATE OF NEVADA, *et al.,*<br><br>                Defendants. | Case No. 3:20-cv-00575-MMD-WGC<br><br>ORDER |

Plaintiff Michael Steve Cox is a prisoner seeking to proceed *pro se*. On October 2, 2020, Cox submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) However, on at least three prior occasions, this Court and the Ninth Circuit Court of Appeals have dismissed civil actions or appeals commenced by Cox while in detention as frivolous, malicious, or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he satisfies the requirement of being "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court must determine whether the complaint adequately alleges that Cox

---

[1]*See e.g., Cox v. State of Nevada*, Case No. 3:11-00619-LRH-VPC; *Cox v. Benedetti*, Case No. 3:10-cv-129-LRH-VPC; *Cox v. Bath*, Case No. 3:03-cv-00275-ECR-RAM; *In Re Steve Michael Cox*, Case No. 12-80061 (appeal to Ninth Circuit Court of Appeals of CV-12-483-LRH)*; In Re Steve Michael Cox*, Case No. 12-80061 (appeal to Ninth Circuit Court of Appeals of CV-12-17-RCJ). The Court takes judicial notice of its prior records in the above matters.

was in imminent danger of serious physical injury at the time he filed his complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-55 (9th Cir. 2007). In addition, for the imminent danger exception to apply, the complaint must show a nexus between the imminent danger alleged and a cause of action it asserts. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) (holding that the complaint of a three-strikes litigant must reveal a nexus between the imminent danger of serious physical injury it alleges and the cause of action it asserts in order for the litigant to qualify for the imminent danger exception of § 1915(g).); *Stine v. Fed. Bureau of Prisons*, Case No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *2–6 (E.D. Cal. Sept. 9, 2015); *White v. Montgomery*, Case No. 318CV00877CABPCL, 2018 WL 3007956, at *2 (S.D. Cal. June 15, 2018) (holding that imminent danger exception did not apply where the complaint did not establish a nexus between the plaintiff's alleged medical condition and the legal mail claims that were the causes of action brought in the complaint); *cf. Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (recognizing that the imminent danger alleged must be sufficiently related to a cause of action in the complaint for the imminent danger exception to apply).

Cox's complaint filed with his application to proceed *in forma pauperis* brings one claim, which is based on the alleged refusal to permit Cox to use brass slips to mail out 350 pounds of legal documents and the potential destruction of 30 years of legal files.[2] (ECF No. 1-1). None of the allegations in this cause of action reveal a nexus to any imminent danger of serious physical injury. Therefore, the imminent danger exception does not apply here.

Accordingly, Cox must pay the full filing fee of $400.

///

///

///

///

---

[2]The Court notes that Plaintiff has filed a motion to amend the complaint with a complaint that alleges that his money has been stolen, a claim that does not show any imminent danger of serious physical harm. (ECF Nos. 7, 7-1).

1       For the foregoing reasons, it is ordered that Cox's application to proceed *in forma pauperis* (ECF No. 1) and motion to proceed *in forma pauperis* (ECF No. 1-2) are denied.

      It is further ordered that this action will be dismissed without prejudice unless Cox pays the $400.00 filing fee in full within thirty days of entry of this Order.

      It is further ordered that the Clerk of the Court shall send Cox two copies of this Order. Cox shall make the necessary arrangements to have one copy of this Order attached to the check paying the filing fee.

      DATED THIS 21st Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE